NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR BAZURTO-ROMO, | No.   23-15121 |
| Plaintiff-Appellant, | D.C. No. 4:22-cv-00272-JCH |
| v. | |
| ALEJANDRO N. MAYORKAS; UR M. JADDOU, Director of U.S. Citizenship and Immigration Services; JULIE M. HASHIMOTO, Field Office Director, Tucson Office, U.S. Citizenship and Immigration Service, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted February 6, 2024**
Phoenix, Arizona

Before:  MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit Judges.

Julio Cesar Bazurto-Romo ("Bazurto-Romo") filed this action against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Alejandro Mayorkas, Secretary of United States Department of Homeland Security; Ur M. Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"); and Julie M. Hashimoto, Field Office Director, USCIS Tucson Office (collectively, "the Government"). Bazurto-Romo appeals the district court's decision to grant the Government's motion to dismiss.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's granting of a motion to dismiss de novo. *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1271 (9th Cir. 2017). We affirm.

Bazurto-Romo challenges USCIS's 2021 denial of his motion to reopen his application for a certificate of citizenship. The Government argued that the district court should dismiss Bazurto-Romo's action because the same issue of subject matter jurisdiction presented in this action was fully litigated in his 2020 action challenging the initial denial of his application for a certificate of citizenship. *Bazurto-Romo v. Barr*, No. CV-19-05135-PHX-DLR, 2020 WL 3488577, at *2–4 (D. Ariz. June 26, 2020) (granting the Government's motion to dismiss for lack of subject matter jurisdiction). Accordingly, the district court concluded that issue preclusion barred Bazurto-Romo from relitigating subject matter jurisdiction in this proceeding.

The district court properly granted preclusive effect to the 2020 district court's decision. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (explaining that

2

issue preclusion bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001))). The issue of subject matter jurisdiction was actually litigated and decided in Bazurto-Romo's prior action, and Bazurto-Romo had a full and fair opportunity to litigate the issue. *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (setting out the elements of issue preclusion); *Flying Tiger Lines, Inc. v Landy*, 370 F.2d 46, 50 (9th Cir. 1966) (issue preclusion "applies to determination of questions of jurisdiction as well as to determination of other issues.").

Because we conclude that issue preclusion applies, we do not reach whether the district court had subject matter jurisdiction in the absence of issue preclusion. Nor do we consider Bazurto-Romo's alternative jurisdictional arguments not raised in the opening brief. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**

3